UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:22-CR-00017-03** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ARISA JOHNSON (03)** | **MAG. JUDGE KAYLA MCCLUSKY** |

**ORDER**

Pending before the Court is a *pro se* Motion for Clarification [Doc. No. 188] filed by Arisa Johnson ("Johnson"). This comes after the Court's Judgment [Doc. No. 158] adopting the Report and Recommendations [Doc. No. 157] of the Magistrate Judge as to Johnson's plea of guilty to the offense charged in Count One of the Bill of Information.

A document filed *pro se* is "to be liberally construed," *Estelle,* 429 U.S., at 106, 97 U.S. 285, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid.* (internal quotation marks omitted). FED. R. CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). However, this liberal construction is granted to *pro se* litigants because they are not afforded an attorney. It is clear from the record of this matter that Johnson has retained counsel, Katrina Jackson.

The United States Fifth Circuit Court of Appeals has made clear that a represented defendant generally has no right to file *pro se* motions:

> [T]he gravamen of the complaint is that the refusal to docket and hear pro se motions of criminal defendants who are already represented by counsel of itself deprives them of their constitutional right of access to the courts. We do not agree. As long as a criminal defendant is represented by counsel, he will be able to present matters for decision to the court through motions filed by his attorney. Therefore, in the absence of extraordinary circumstances, not alleged here, due process does not require that a criminal

> defendant be permitted to file every pro se motion he wishes to submit in addition to his attorney's motions.

*Tarter v. Hury,* 646 F.2d 1010, 1014 (5th Cir.1981); *see also Webb v. Scott,* No. 99-50803, 2000 WL 959918, at *1 (5th Cir. June 13, 2000) ("A criminal defendant's right of access to the courts is not infringed if she is represented by counsel."); *Ashcraft v. Cameron County,* No. 97-41219, 1998 WL 611201, at *3 (5th Cir. Aug.17, 1998) ("A criminal defendant cannot complain that he was denied access to the courts while represented by counsel ."); *Ford v. Foti,* No. 94-30614, 1995 WL 241811, at *3 (5th Cir. Apr.14, 1995) ("A criminal defendant who is represented by counsel has meaningful access to the courts vis-a-vis the criminal action pending against him."); *Childs v. Scott,* No. 94-60723, 1995 WL 153057 (5th Cir. Mar.22, 1995) ("If a criminal defendant is represented by counsel, he has constitutionally sufficient access to the courts."); *Webb v. Havins,* No. 93-1452, 1994 WL 286151, at *3 (5th Cir. June 13, 1994); *Crockett v. Carpenter,* No. 93-1480, 1994 WL 144645, at *3 (5th Cir. Apr. 5, 1994); *Sosa,* 2007 WL 1521441, at *6 n. 8; *Buckenburger,* 2006 WL 4503353, at *3; *Kirkpatrick,* 2006 WL 2401108, at *4; *Prather v. Anderson,* No. Civ. A. H-05-2964, 2005 WL 2277528, at *2 (S.D.Tex. Aug.31, 2005) ("It is well established ... that a criminal defendant has no constitutional right to hybrid representation.... Until [a represented defendant] requests and receives permission to proceed *pro se,* ... he has no right to file motions and pleadings with the court on his own behalf."). Accordingly,

**IT IS ORDERED** that Arisa Johnson's *pro se* Motion for Clarification [Doc. No. 188] is **DENIED**.

MONROE, LOUISIANA, this 16th day of November 2023.

Terry A. Doughty
United States District Judge